[Crim. No. 13990.    Second Dist., Div. Five.    Feb. 14, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH REMIJIO, Defendant and Appellant.

Joseph Amato, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

THE COURT— ▆ Application for reduction of bail pending appeal. Remanded.

On May 25, 1967, defendant Remijio was found guilty of

having violated section 11500 of the Health and Safety Code. He filed a notice of appeal on June 22. Thereafter an application for a stay of execution or for bail on appeal was denied as to the stay but granted with respect to bail which was set in the sum of $25,000.

When the court set the amount of bail it had defendant's probation report before it. It shows that he is a 24-year-old Spanish American, who had left school at the age of 16, who was married and the father of two children. His occupation is that of laborer and he earns, when he works, about $350 a month. His home is rented.

The superior court would have acted within its discretion in denying bail on appeal altogether. The trouble is that it did not, but instead set bail in an amount which appears to be quite out of the question as far as defendant's financial ability is concerned.

This is only one of many cases which have come to the attention of this and other divisions of this court where it appears that instead of denying bail on appeal, the trial court sets the amount of bail so high that it amounts to the same thing. We are filing and publishing this opinion in order to bring it to the attention of trial courts that this procedure puts the courts of appeal into a dilemma when they are—as we are here—requested to lower the amount.

When the trial court determines that a defendant may be admitted to bail pending appeal, the ruling theoretically implies that the defendant is a good bail risk. We are then faced with a situation where an obviously excessive amount of bail has been set for an appellant who should be released with bail set at a reasonable figure.

If we were quite certain that the trial court really felt that defendant should be admitted to bail, we would either reduce it ourselves or remand the matter for setting of a reasonable amount, but since we suspect the possibility that the amount of bail set was really a finding that defendant should not be admitted to bail at all, the matter is remanded to be considered de novo. The superior court may decide to deny bail altogether, but if it rules otherwise, the bail should be set at a more realistic figure.